# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 14, 2010

No. 09-20703
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STEVEN ANTHONY GIBSON,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-173-1

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Steven Anthony Gibson appeals the above-guidelines sentence imposed following his guilty-plea conviction for making a false claim upon or against an agency of the United States in violation of 18 U.S.C. § 287. Gibson argues that his sentence is procedurally and substantively unreasonable because the district court did not consider whether an upward departure under the Guidelines was appropriate before imposing an upward variance, because the district court did not adequately explain the extent of the upward variance, and because the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence was greater than necessary to achieve the goals of sentencing. He also argues that his case should be remanded for correction of the written judgment pursuant to Federal Rule of Criminal Procedure 36 because the written judgment does not reflect a remittance of the $100 special assessment.

Sentences, whether inside or outside the advisory guidelines range, are reviewed under an abuse of discretion standard for procedural error and substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). Gibson's argument that the district court should have first considered whether an upward departure under the Guidelines was appropriate before imposing an upward variance, however, is raised for the first time on appeal. Accordingly, we review that argument for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Gibson has not shown clear or obvious error with respect to his argument that the district court was required to consider an upward departure pursuant to U.S.S.G. §4A1.3 prior to imposing an upward variance from the sentencing guidelines range. *See United States v. Mejia-Huerta*, 480 F.3d 713, 723 (5th Cir. 2007); *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006). We also note that, as in *Mejia-Huerta*, the upward variance in this case was based not only on Gibson's criminal history but on numerous 18 U.S.C. § 3553(a) factors, including the need to deter future criminal conduct and the need to protect the public from his crimes. *See Mejia-Huerta*, 480 F.3d at 723.

The district court stated reasons for its upward variance, including the extensiveness of Gibson's criminal history, the fact that his crimes were getting more serious, the fact that he had not successfully completed parole or probation, and the need to protect the public from his crimes. In addition, the district court considered Gibson's physical health, his mental health, and his drug addiction, and it concluded that many of his health problems stemmed from his drug addiction.

Gibson was sentenced to 36 months of imprisonment, a 15-month upward variance from the top of his 15-21 month advisory guidelines sentencing range. We have upheld variances greater than the increase to Gibson's sentence. *See United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008); *United States v. Jones*, 444 F.3d 430, 433, 441-42 (5th Cir. 2006); *United States v. Smith*, 417 F.3d 483, 492-93 & n.40 (5th Cir. 2005).

In sum, the district court did not abuse its discretion. The sentence imposed "was reasonable under the totality of the relevant statutory factors." *Brantley*, 537 F.3d at 349. Finally, although the district court mistakenly stated during the sentencing proceeding that the Government had moved to remit the special assessment, the Government had not so moved, and, in any event, the district court did not order the remittance of the special assessment. Accordingly, the district court's judgment is AFFIRMED.